1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10

11   DEBRA KING,                          No. 2:11-cv-01225-MCE-DAD

12           Plaintiff,

13       v.                               MEMORANDUM AND ORDER

14   CAPITOL COMMERCE MORTGAGE CO.,
     ET AL.,

15
             Defendants.
16
                             ----oo0oo----
17

18       Before the Court are Defendants' Motions to Dismiss (ECF

19   Nos. 20 and 21) and Plaintiff's Motion for Preliminary Injunction

20   (ECF No. 31).[1]   The motions are fully briefed.   For the reasons

21   that follow, the Motions to Dismiss are GRANTED and the Motion

22   for Preliminary Injunction is DENIED as MOOT.

23   ///

24   ///

25   ///

26

27       [1] Because oral argument will not be of material assistance,
     the Court orders this matter submitted on the briefs.  E.D. Cal.
28   Local Rule 78-230(h).

                                    1

**BACKGROUND**

In March 2003, Plaintiff purchased a home and financed it through a mortgage loan obtained from Defendant Capitol Commerce Mortgage Company secured by property located in Meadow Vista, California.  Plaintiff later attempted, and failed, to obtain a loan modification.  A Notice of Default was recorded on the property in December 2010.  In March 2011, Defendant ReconTrust filed a notice of Trustee Sale.  Foreclosure commenced in May 2011.  The property is scheduled for a trustee's sale on January 17, 2012.

On May 5, 2011, Plaintiff filed her Original Complaint, which raised thirteen causes of action against Defendants generally related to the financing of her home.  ECF No. 2.  On August 8, 2011, this Court dismissed the Original Complaint, finding the federal claims as alleged either lacked merit or were inadequately pleaded, but granted leave to amend.[2]  ECF No.12.  Plaintiff thereafter filed her First Amended Complaint ("FAC") and the Defendants filed the instant Motions to Dismiss, which were taken under submission on November 16, 2011.  On December 14, 2011, Plaintiff filed her Motion for Preliminary Injunction.

///
///
///
///
///
///

---

[2] The Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims.

2

**ANALYSIS**

Because the Court's denial of Plaintiff's Motion for a Preliminary Injunction relates to the merits of her claims, the Court will first address the Motions to Dismiss.

**I.   Motions to Dismiss**

    **A.   Standard**

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. <u>Cahill v. Liberty Mut. Ins. Co.</u>, 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964 (2007) (internal citations and quotations omitted). Though "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Id.</u> at 1964-65 (internal citations and quotations omitted). A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level. <u>Id.</u> at 1965 (citing 5 C. Wright & A. Miller, <u>Federal Practice and Procedure</u> § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action")).

1    Moreover, "Rule 8(a)(2)...requires a 'showing,' rather than
2   a blanket assertion of entitlement to relief.  Without some
3   factual allegation in the complaint, it is hard to see how a
4   claimant could satisfy the requirements of providing not only
5   'fair notice' of the nature of the claim, but also 'grounds' on
6   which the claim rests." Twombly, at 1965, n.3 (internal
7   citations omitted).  A pleading must contain "only enough facts
8   to state a claim to relief that is plausible on its face." Id.
9   at 1960; see also Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949-50
10  (2009).  If the "plaintiffs...have not nudged their claims across
11  the line from conceivable to plausible, their complaint must be
12  dismissed." Id.
13    A court granting a motion to dismiss a complaint must then
14  decide whether to grant leave to amend.  Rule 15(a) empowers the
15  court to freely grant leave to amend when there is no "undue
16  delay, bad faith[,] dilatory motive on the part of the
17  movant,...undue prejudice to the opposing party by virtue
18  of...the amendment, [or] futility of the amendment...." Foman v.
19  Davis, 371 U.S. 178, 182 (1962).  Leave to amend is generally
20  denied when it is clear the deficiencies of the complaint cannot
21  be cured by amendment.  DeSoto v. Yellow Freight Sys., Inc.,
22  957 F.2d 655, 658 (9th Cir. 1992); Balistieri v. Pacifica Police
23  Dept., 901 F. 2d 696, 699 (9th Cir. 1990) ("A complaint should
24  not be dismissed under Rule 12(b)(6) unless it appears beyond
25  doubt that the plaintiff can prove no set of facts in support of
26  his claim which would entitle him to relief.")(internal citations
27  omitted).
28  ///

4

### B.   Analysis

Plaintiff's FAC adds additional factual allegations to those presented in her Original Complaint, now asserting nine causes of action, and adds Bank of America, N.A. ("BANA") as a defendant.[3] At issue is whether Plaintiff has plead sufficient facts as a general matter.  Although the complaint does not need detailed factual allegations, it must still provide sufficient facts alleged under a cognizable theory.

### 1. Violations of TILA

Plaintiff's first cause of action asserts that all the Defendants violated the Truth in Lending Act ("TILA") and Regulation Z, a Federal Reserve regulation implementing TILA. The Court previously denied Plaintiff's TILA claim on the basis that (1) she had failed to adequately plead that she exercised the requisite due diligence in bringing this claim before the statute of limitations expired; and (2) Plaintiff's claim only alleged that she obtained her mortgage loan from one of the Defendants, so the claim did not apply to the other Defendants. See ECF No. 12 at 9-10.  Plaintiff's FAC does not correct the deficiencies in the Original Complaint.

TILA requires that lenders make certain disclosures to borrowers, which will give rise to a cause of action if the lender violates its disclosure requirements.  See, e.g., 15 U.S.C. §§ 1601-1667f.

---

[3] The four claims alleged in Plaintiff's Original Complaint that have been dropped are: (1) violation of Home Ownership and Equity Protection Act; (2) Fraudulent Misrepresentation; (3) Breach of Fiduciary Duties; and (4) Civil Conspiracy.  Plaintiff has also reordered her claims.

1    Further, TILA mandates that borrowers be given three business

2    days to rescind, without penalty, a consumer loan that uses their

3    principle dwelling as security.  § 1635(a).  If the lender has

4    not complied with TILA's disclosure requirements, the rescission

5    period is extended to three years.  § 1635(f); see also Miguel v.

6    Country Funding Corp., 309 F.3d 1161, 1164-65 (9th Cir. 2002)

7    (upholding dismissal of a rescission claim under TILA where the

8    three-year statute of limitations had expired).

9         Here, Plaintiff's TILA claim is brought against all

10   Defendants, but she alleges that the mortgage loan was obtained

11   from only one of the Defendants: Capitol Commerce Mortgage Co.

12   Only the lender is obligated to comply with TILA's disclosure

13   requirements, see e.g., 15 U.S.C. 1635, 1638, so Plaintiff's TILA

14   claims against all the other Defendants are dismissed.

15        As to Defendant Capitol Commerce Mortgage Co., Plaintiff

16   obtained the loan in 2003 and did not bring action until 2011, so

17   she is approximately four years late in bringing her action under

18   TILA's three-year statute of limitations.  15 U.S.C. § 1635(f).

19   To escape the consequences of the statute of limitations,

20   Plaintiff argues that equitable tolling should apply to permit

21   her to bring her TILA claims because she is a layperson and

22   didn't know, and couldn't have discovered, Defendants' alleged

23   violations.

24        The Court "will apply equitable tolling in situations where,

25   despite all due diligence, the party invoking equitable tolling

26   is unable to obtain vital information bearing on the existence of

27   the claim."

28   ///

1    Cervantes v. Countrywide Home Loans, Inc., 656 F.3d 1034, 1045

2    (9th Cir. 2011)(internal quotation marks and alterations

3    omitted).  Plaintiff's allegations in her FAC that she didn't

4    learn of alleged disclosure violations until 2010 continue to be

5    conclusory and she provides no facts that support the conclusion

6    that any "disclosure" by Defendants was either not made or was

7    faulty.  Waiving a statute of limitations indefinitely on the

8    basis that a plaintiff is a layperson would effectively render

9    the limitations period illusory.  Plaintiff is therefore not

10   entitled to equitable tolling of the TILA claim and the claim is

11   dismissed as to all Defendants with final leave to amend.

12                        **2. Violation of RESPA**

13        Plaintiff's second cause of action asserts that Defendants

14   violated the Real Estate Settlement Procedures Act ("RESPA"), 12

15   U.S.C. § 2601 et. seq.  Specifically Plaintiff contends that

16   defendants violated § 2607 by accepting "charges for the

17   rendering of real estate services which were in fact charges for

18   other than services actually performed."  The Court previously

19   denied this claim on the basis that her claim was time-barred by

20   the applicable statute of limitations.  ECF No. 12 at 7-8.

21        For violations of § 2607, RESPA provides a one-year statute

22   of limitations from the date of the occurrence of the alleged

23   violation.  See 12 U.S.C. § 2614.  Plaintiff's RESPA claim is

24   vague and conclusory as to what the violation was or when it

25   occurred, however the violation must have accrued no later than

26   the closing of Plaintiff's purchase of the real property in 2003,

27   otherwise the statute of limitations would be rendered illusory.

28   ///

1   Given that Plaintiff bought the house in 2003 and the Original
2   Complaint was filed in 2011, Plaintiff's claim is untimely under
3   RESPA's one-year statute of limitations.

4       As she does in her TILA claim, Plaintiff contends that as a
5   layperson she could not have discovered the alleged violations
6   and seeks to invoke equitable tolling.  Here again, Plaintiff's
7   conclusory allegations in her FAC do not compel the conclusion
8   that she exercised due diligence and is entitled to equitable
9   tolling.  Plaintiff's RESPA claim is dismissed with final leave
10  to amend.

11                   **3. Violations of the FCRA**

12      Plaintiff asserts that Defendants violated the Fair Credit
13  Reporting Act ("FCRA").  15 U.S.C. § 1681.  The Court previously
14  dismissed this claim on the basis that Plaintiff had failed to
15  adequately plead her claims in accordance with the requirements
16  set forth in Rule 8(a) and <u>Twombly</u>.  ECF No. 12 at 10-11.

17      The FCRA requires consumer reporting agencies to "adopt
18  reasonable procedures for meeting the needs of commerce for
19  consumer credit."  <u>Id.</u> § 1681(b).  Section 1681s-2 states that
20  companies shall not furnish information about a consumer to a
21  credit reporting agency if they have reason to know, or do know,
22  that the information is false.  <u>Id.</u> § 1681s-2(a)-(b).  However,
23  the FCRA additionally requires that a plaintiff plead violations
24  of the statute within two years of the date of the discovery, or
25  within five years of the date "on which the violation that is the
26  basis for such liability occurs."  <u>Id.</u> § 1681p.
27  ///
28  ///

                                 8

1    In a vague and conclusory fashion, Plaintiff alleges that
2   Defendants reported negative information to various credit
3   agencies without identifying which defendants allegedly made the
4   reports, when the reports were made, or what information was
5   actually false.  Plaintiff admits that she defaulted on the loan,
6   see ECF No. 15 at 32, so the allegation that one or more of the
7   Defendants provided negative information about her loan to a
8   credit reporting agency does not suggest any violation of the
9   FCRA by Defendants and Plaintiff does not provide any additional
10  facts that support the conclusion that any such reporting was
11  wrongful.  Because the FAC does not cure the defects in the
12  Original Complaint's FCRA claim, the FCRA claim is dismissed with
13  final leave to amend.

14                    **4. Civil RICO Violations**

15    In its prior Order, the Court dismissed Plaintiff's civil
16  Racketeer and Corrupt Organizations ("RICO") statute claim on the
17  basis that Plaintiff had failed to adequately plead her claims,
18  particularly in regards to why the applicable statute of
19  limitations should be tolled.

20    To state a civil claim for a RICO violation, "a plaintiff
21  must show '(1) conduct (2) of an enterprise (3) through a pattern
22  (4) of racketeering activity.'"  Rezner v. Bayerische Hypo-Und
23  Vereinsbank AG, 630 F.3d 866 (9th Cir. 2010) (quoting Sedima,
24  S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)).  The
25  statute of limitations for civil RICO violations is four years.
26  Pincay v. Andrews, 238 F.3d 1106, 1108 (9th Cir. 2001) (internal
27  citations omitted).
28  ///

The Ninth Circuit has held that the injury discovery statute of limitations rule applies to civil RICO claims.  Id. at 1109 (citation omitted).  Under the injury discovery rule, "the civil RICO limitations period begins to run when a plaintiff knows or should know of the injury that underlies his cause of action."  Id. (quoting Grimmett, 75 F.3d at 510).

Virtually all of Plaintiff's RICO claims simply recite elements of a RICO cause of action and conclude with a bare allegation that Defendants violated RICO.  For example

> During the pertinent time in question, all Defendants did cooperate jointly and severally in the commission of two or more of the RICO predicate acts that are itemized in the RICO laws at 18 U.S.C. §§ 1961(1)(A) and (B) and did so in violation of the RICO law at 18 U.S.C. 1962(b).

ECF No. 15 at 38 ¶ 139; see also ¶¶ 131-55.  Such vague and conclusory allegations are insufficient to satisfy the pleading standards of either Rule 8(a), or the heightened pleading standards for fraud under Rule 9(b).  Satisfying the pleading standards "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 127 S. Ct. at 1964-65.

Plaintiff does not provide sufficient facts for the Court to divine what conduct is at issue, which Defendants committed any acts in support of the conspiracy, when such acts were committed, what the pattern of racketeering activity might be, what injury she suffered, and so on.[4]

---

[4] To the extent that Plaintiff relies on the factual
(continued...)

1   The only specific factual allegation Plaintiff makes is that
2   "false and fraudulent documents," which she attaches to her
3   complaint, were recorded, which she assets "constitutes
4   probable cause for granting her all relief requested in this
5   Complaint."  ECF No. 15 at 38.

6        In sum, Plaintiff has failed to adequately plead the
7   "time, place, and specific content of the false
8   representations as well as the identities of the parties to
9   the misrepresentations."  Edwards v. Marin Park, Inc., 356
10  F.3d 1058, 1066 (9th Cir. 2004).  Plaintiff's pleadings are
11  little more than a "formulaic recitation of the elements of
12  [the] cause of action," and are therefore insufficient to
13  "raise a right to relief above the speculative level."
14  Twombly, 550 U.S. at 555.  Plaintiff's RICO claim is
15  dismissed with final leave to amend.

16              **5. Plaintiff's Remaining Causes of Action**

17       Having dismissed Plaintiff's federal claims, the Court
18  again declines to exercise supplemental jurisdiction over
19  the remaining state law causes of action.  The Court need
20  not address the merits of the Motion to Dismiss with respect
21  to the remaining state law causes of action, as those issues
22  are now moot.
23  ///
24  ///
25
26
27       [4](...continued)
    allegations raised in other parts of the FAC, she provides the
28  Court with no direction for how these facts relate to her RICO
    claim.

11

**II.   Motion for Preliminary Injunction**

Because the Court has dismissed Plaintiff's FAC with leave to amend, Plaintiff motion for a preliminary injunction, <u>see</u> ECF No. 31-1, to restrain and enjoin the sale of her house at a trustee's sale, currently scheduled for January 17, 2012 is DENIED as MOOT. See, e.g., However, even if the Court were to reach the merits of Plaintiff's preliminary injunction, it would still deny the motion.

**A.   Standard**

The party requesting preliminary injunctive relief must show that "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." <u>Winter v. Natural Resources Defense Council</u>, 555 U.S. 7, 20 (2008); <u>Stormans, Inc. v. Selecky</u>, 586 F.3d 1109, 1127 (9th Cir. 2009) (quoting same).

Alternatively, under the so-called sliding scale approach, as long as the Plaintiffs demonstrate the requisite likelihood of irreparable harm and show that an injunction is in the public interest, a preliminary injunction can still issue so long as serious questions going to the merits are raised and the balance of hardships tips sharply in Plaintiffs' favor.

///

///

///

12

1  <u>Alliance for Wild Rockies v. Cottrell</u>, 632 F.3d 1127, 1131-

2  36 (9th Cir. 2011) (concluding that the "serious questions"

3  version of the sliding scale test for preliminary

4  injunctions remains viable after <u>Winter</u>).

5  **B.   Parties' Contentions**

6  **1. Plaintiff's Contentions**

7  Plaintiff generally contends that she has a likelihood

8  of success on the merits, that a trustee sale of her home

9  will cause her irreparable harm, and that the balance of

10  equities tip in her favor because the Defendants will not

11  suffer any serious hardship if the sale is enjoined.   ECF

12  No. 31-1 at 3-5.

13  More specifically, Plaintiff argues that the trustee

14  sale is defective because Defendants failed to comply with

15  California Civil Code §§ 2923.5 and 2924, which establish

16  procedures for non-judicial foreclosures.   <u>Id.</u> at 5-8.

17  Plaintiff alleges that Defendants failed to "perform any of

18  the steps required by Section of 2923.5 before they recorded

19  the Notice of Default" and that Defendants also failed to

20  comply with the recording requirements of § 2924.   <u>Id.</u> at 7.

21  Plaintiff also argues that because at least one of her

22  recorded documents was apparently signed by a robo-signer

23  and because the federal government has investigated one or

24  more of the Defendants, the sale should be enjoined.   <u>Id.</u> at

25  7-8.

26  ///

27  ///

28  ///

13

1    **2.   Defendants' Contentions**[5]

2    Defendants contend that: (1) Plaintiff does not have a

3    likelihood of success on the merits; (2) Plaintiff will not

4    suffer irreparable harm, because the foreclosure sale is

5    legal and the result of Plaintiff's failure to make payments

6    on her mortgage, and; (3) the balance of hardships tilt in

7    their favor because if the Court were to enjoin Plaintiff's

8    foreclosure sale, other non-meritorious actions to enjoin

9    such sales would inevitably follow.  ECF No. 35 at 2-3.

10   Regarding Plaintiff's §§ 2923.5 and 2924 arguments,

11   Defendants argue that Defendant lacks standing because she

12   has failed to allege that she made a tender offer of the

13   amount due on the loan.  Defendants' contend that

14   Plaintiff's remaining claims are unsubstantiated and

15   unsupported.

16   **C.   Analysis**

17   Because the Court has twice now dismissed Plaintiff's

18   Complaints on the basis that they generally fail to satisfy

19   the pleading requirements under Rules 8(a) and 9(b) and the

20   cases interpreting those rules, the Court concludes that

21   Plaintiff has little likelihood of success on the merits.

22   Although Plaintiff raises various claims against Defendants,

23   it does not appear that these claims are meritorious.

24   ///

25

26        [5] Not all of the Defendants oppose the Motion for
     Preliminary Injunction, only the ones with a financial interest
27   in the sale.  In the interest of brevity, the Court refers
     collectively to "Defendants," but this only refers to the moving
28   Defendants.

14

1  Rather, it appears that Plaintiff defaulted on her mortgage
2  and is now attempting to use the courts to block foreclosure
3  and sale of the property.  Because such foreclosure and sale
4  appears to be within the legal rights of the Defendants, the
5  balance of hardships and equities tips sharply in
6  Defendants' favor.

7       However, Plaintiff raises several additional arguments
8  in her Motion for Preliminary Injunction, which the Court
9  must address.  Regarding Plaintiff's §§ 2923.5 and 2924
10 contentions, these California Code sections provide
11 procedures for non-judicial foreclosures that set forth
12 certain notice and meeting requirements and timelines
13 between the borrower and the party seeking to foreclose
14 before any foreclosure may be accomplished.  The remedy
15 available for a violation under § 2923.5 is the postponement
16 of a foreclosure sale until the requirements of the statute
17 have been fulfilled.  <u>Mabry v. Super. Ct.</u>, 185 Cal. App.4th
18 208, 213 (2010).

19      To have standing under California law to challenge
20 foreclosure proceedings, a "valid and viable" tender for the
21 debt is essential to an action to cancel a sale under a deed
22 of trust.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

15

1  Karlsen v. American Sav. & Loan Assn., 15 Cal. App.3d 112,

2  117 (1971); see also Shimpones v. Stickney, 219 Cal. 637,

3  649, 28 P.2d 673 (1934) ("a mortgagor cannot quiet his title

4  against the mortgagee without paying the debt secured");

5  U.S. Cold Storage v. Great W. Sav. & Loan Ass'n, 165 Cal.

6  App. 3d 1214, 1224 (1985) ("It would be futile to set aside

7  a foreclosure sale on the technical ground that notice was

8  improper, if the party making the challenge did not first

9  make tender and thereby establish his ability to purchase

10 the property."). An offer to tender is "an offer to pay the

11 full amount of the debt for which the property was

12 security." Arnolds Management Corp. v. Eischen, 158 Cal.

13 App.3d 575, 578 (1984). "The rationale behind the rule is

14 that if plaintiffs could not have redeemed the property had

15 the sale procedures been proper, any irregularities in the

16 sale did not result in damages to the plaintiffs." FOCI

17 RE-HAB 01 v. E & G Investments, Ltd., 207 Cal. App.3d 1018,

18 1021 (1989).

19      Here, Plaintiff does not allege any tender. In her

20 Reply, Plaintiff asserts an offer of tender is unnecessary

21 where she has attacked the underlying debt, or the sale

22 would otherwise be invalid. See ECF No. 37 at 2-4.

23 However, as discussed above, Plaintiff's attacks on the

24 underlying debt appear to lack merit, and the foreclosure

25 and trustee sale appear to be valid based on Plaintiff's

26 default.

27 ///

28 ///

1 Therefore, absent evidence of a tender offer, Plaintiff does

2 not have standing to challenge the foreclosure proceedings

3 under California Civil Code §§ 2923.5 and 2924.

4     The remainder of Plaintiff's claims similarly lack

5 merit.  Plaintiff's bare allegations that a document was

6 robo-signed and that Defendants have been investigated by

7 the federal government are inadequate to support the

8 conclusion that she is likely to succeed on the merits or

9 that there are serious questions going to the merits of her

10 case.  In sum, under either the Winter or Cottrell

11 standards, Plaintiff is not entitled to a preliminary

12 injunction.  See Winter, 555 U.S. at 20; Cottrell, 632 F.3d

13 at 1131-36.

14 ///

15 ///

16 ///

17 ///

18 ///

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

**CONCLUSION**

As a matter of law, and for the reasons set forth above, Defendants' Motions to Dismiss (ECF Nos. 20 and 21) are GRANTED.  Plaintiff is granted final leave to amend and may file an amended complaint for damages not later than twenty (20) days after the date this Memorandum and Order is filed electronically.  If no amended complaint is filed within said twenty (20)-day period, without further notice, Plaintiff's claims will be dismissed without leave to amend. Plaintiff's Motion for Preliminary Injunction (ECF No. 31) is DENIED as MOOT.

IT IS SO ORDERED.

Dated: January 11, 2012

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

18